FILED
2015 Jul-16 PM 12:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> $14,050.00 IN UNITED STATES ) <br> CURRENCY, ) <br> ) <br> Defendant ) | Case No.  5:15-cv-00777-HGD |

## MEMORANDUM OPINION

Plaintiff, United States of America, has filed a Motion for Default Judgment and Order of Forfeiture.  (Doc. 9).  It seeks judgment by default, pursuant to Rule 55(b), Fed.R.Civ.P., against potential claimants Demarcus Toney and Corshunda Moore and forfeiture *in rem* of the defendant currency to the United States.

On May 7, 2015, the United States filed a Verified Complaint for Forfeiture In Rem against $14,050.00 in U.S. Currency, pursuant to 21 U.S.C. § 881(a)(6), contending that the Defendant Currency was involved in or used in a violation of 21 U.S.C. § 801, *et seq*.  (Doc. 1).  A Warrant of Arrest was issued for the Defendant Currency on May 11, 2015.  (Doc. 3).  On May 12, 2015, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions, the United States served direct notice of the forfeiture action and a copy of the Complaint for Forfeiture on Demarcus Toney and Corshunda Moore at the known home addresses for the potential claimants. (Docs. 4 & 5). Demarcus Toney and Corshunda Moore are the only people who reasonably appeared to be potential claimants to the Defendant Currency on the facts known to the United States. As required under Rule G(4)(b)(ii), the notice expressly stated that the deadline for filing a verified claim was June 16, 2015, which is 35 days after the date the notice was sent. (*Id.*). The notice also stated that an answer to the complaint must be filed no later than 21 days after filing the verified claim. (*Id.*).

The United States published notice of the forfeiture action on an official government internet site, www.forfeiture.gov, for 30 consecutive days, beginning on May 13, 2015, and ending on June 11, 2015, as required by Supplemental Rule G(4). (Doc. 8).

No one has filed a claim to the Defendant Currency as required by 18 U.S.C. § 983(a)(4)(A) and Rule G(5)(a), and the time in which to do so has expired. No one has filed an Answer to the Complaint for Forfeiture as required by 18 U.S.C. § 983(a)(4)(B) and Rule G(5)(b), and the time in which to do so has expired. On June 29, 2015, the United States filed a Motion for Clerk's Entry of Default in this case pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, seeking an entry of

default against all known potential claimants, including Demarcus Toney and Corshunda Moore. (Doc. 6). The Clerk of Court entered that default on June 30, 2015. (Doc. 7).

The time for filing a claim in a civil forfeiture action is governed by 18 U.S.C. § 983(a)(4)(A), which states as follows:

> In any case in which the Government files ... a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

18 U.S.C. § 983(a)(4)(A).

Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims provides that any person "assert[ing] an interest in the defendant property may contest the forfeiture by filing a claim . . . by the time stated in a direct notice sent under Rule G(4)(b)." Rule G(5)(a)(ii)(A).

Demarcus Toney and Corshunda Moore were served with notice of the forfeiture action and a copy of the Complaint for Forfeiture on May 12, 2015. (Docs. 4 & 5). The United States Postal Service delivered the notices on May 14, 2015. (Doc. 6, Exhs. A & B). As required under Rule G(4)(b)(ii), the notice specified a claim

deadline of June 16, 2015, which is 35 days after the date the notice was sent. Therefore, the last date on which Demarcus Toney and Corshunda Moore could have filed a claim to the Defendant Currency was June 16, 2015.  *See* 18 U.S.C. § 983(a)(4)(A); Rule G(5)(a)(ii)(A).  The last date on which anyone other than Demarcus Toney or Corshunda Moore could have filed a claim to the Defendant Currency (based upon the notice of forfeiture published on the official internet government forfeiture site from May 13, 2015 through June 11, 2015) was July 12, 2015.  *See* 18 U.S.C. § 983(a)(4)(A); Rule G(5)(a)(ii)(B).  By not filing a claim to the Defendant Currency and an answer within the prescribed time limits, all potential claimants, including Demarcus Toney and Corshunda Moore, have abandoned any claim they might have had to the Defendant Currency.

      The time limit for filing a claim in a civil forfeiture action is strictly enforced. *United States v. $230,963.88 in United States Currency*, 2000 WL 1745130 (D.N.H. Nov. 16, 2000).  Once the time for filing claims has expired, the district court may enter a default judgment against all potential claimants who did not file claims. *United States v. Real Property... 2621 Bradford Dr.*, 2008 WL 630601, at *4 (S.D.Ohio March 7, 2008) (granting default judgment as to all persons to whom Government sent notice but who did not file claims, and as to all other persons or entities who might have an interest in the property but did not file claims); *United States v. Commodity*

*Account at Saul Stone & Co.*, 1999 WL 91910 (N.D.Ill. Feb. 11, 1999), *aff'd*, 219 F.3d 595 (7th Cir. 2000) (once notice has been published and time for filing claims has expired, court may enter default judgment against all potential claimants who did not file claims).

Because no claimant has filed a timely claim to the Defendant Currency, the court finds that plaintiff's Motion for Default Judgment and Order of Forfeiture is due to be granted. A separate order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 16th day of July, 2015.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE